J-S68041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN LEE FORD, | : | |
| | : | |
| Appellant | : | No. 620 MDA 2017 |

Appeal from the PCRA Order March 10, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001443-2016,
CP-36-CR-0001496-2016, and CP-36-CR-0002530-2016

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 30, 2017**

Christian Lee Ford (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we reverse the order in part and remand for proceedings consistent with this memorandum.

On June 23, 2016, Appellant entered into a negotiated plea agreement for three informations, and was sentenced accordingly as follows.

CP-36-CR-0001443-2016 (Case No. 1443):

- two to four years of incarceration and a fine of $100 at count one (35 P.S. § 780-113(a)(30));
- two years of probation at count two (18 Pa.C.S. § 5104);
- one year of probation at count three (35 P.S. § 780-113(a)(32));

CP-36-CR-0001496-2016 (Case No. 1496):

---

*Retired Senior Judge assigned to the Superior Court.

- one to four years of incarceration and a fine of $1,500 at count one (75 Pa.C.S. § 3802(d)(1)(ii));
- count two (75 Pa.C.S. § 3802(d)(1)(iii)) merged;
- count three (75 Pa.C.S. § 3802(d)(2)) merged;
- 90 days of incarceration and a fine of $1,000 at count four (75 Pa.C.S. § 1543(b)(1));

CP-36-CR-0002530-2016 (Case No. 2530):

- three years of probation and a fine of $100 at count one (35 P.S. § 780-113(a)(16));
- one year of probation at count two (35 P.S. § 780-113(a)(32)).

All periods of incarceration and probation were ordered to be served concurrently, and costs were imposed as to all counts.

Appellant did not file post-sentence motions or a direct appeal. On September 22, 2016, Appellant filed *pro se* a document entitled "Petition for Review," which the PCRA court properly treated as a timely-filed PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on Appellant's behalf.

On January 26, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907, indicating its intention to dismiss Appellant's petition without a hearing. Appellant did not file a response, and on March 10, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

---

[1] Appellant complied with the PCRA court's order to file a concise statement of errors complained of on appeal. The PCRA court did not provide an opinion (*footnote continued on next page*)

Appellant raises two issues for our consideration.

A. Whether the [PCRA] court … erred in refusing post-conviction relief where the sentencing court imposed a penalty of fines and costs without a hearing on Appellant's ability to pay, or whether payment would interfere with Appellant's ability to pay restitution?

B. Whether the [PCRA] court … erred in denying post-conviction relief where trial counsel failed to object to, or take reasonable steps to correct, the imposition of an illegal sentence of fines on his client?

Appellant's Brief at 4.

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

With respect to his first issue, Appellant contends that the PCRA court erred in rejecting his claim that the sentencing court imposed an illegal sentence of fines and costs without conducting a pre-sentence hearing on his ability to pay.[2]  Appellant's Brief at 8-9.

---

(*footnote continued*)
pursuant to Pa.R.A.P. 1925(a), but instead relied upon its March 10, 2017 opinion, wherein the PCRA court addressed its reasons for denying Appellant's PCRA petition.

[2] Notably, Appellant does not address his claim as to costs within the argument section of his brief.  Appellant's Brief at 8-11 (addressing fines only).  This (*footnote continued on next page*)

Here, Appellant agreed to the imposition of fines and costs as part of his negotiated plea agreements. *See* Negotiated Plea Agreements, 6/23/2016; N.T. 6/23/2016, at 2-4, 7-8. Nevertheless, a PCRA petitioner may challenge the legality of a negotiated sentence. ***Commonwealth v. Rivera***, 154 A.3d 370, 381 (Pa. Super. 2017) (*en banc*); ***Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014) ("[A] defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance.").

The PCRA court addressed this claim as follows.

> While there is no requirement in Pennsylvania that a trial judge must consider, in the first instance, a criminal defendant's ability to pay the costs of prosecution and attendant fees, such a

---

(*footnote continued*)
issue is waived for lack of development. ***Harkins v. Calumet Realty Co.***, 614 A.2d 699, 703 (Pa. Super. 1992) ("Issues in the statement of questions presented and not developed in argument are also deemed waived."). Even if this Court were to address this claim, we find that Appellant's claim that the imposition of costs without a pre-sentence hearing on his ability to pay rendered his sentence illegal lacks any legal basis.

> Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs. While Rule 706 **permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments, the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs.

***Commonwealth v. Childs***, 63 A.3d 323, 326 (Pa. Super. 2013) (internal citations and quotations omitted) (emphasis in original). If appellant at some point in the future is unable to make payments, then the sentencing court will be required to conduct a hearing on Appellant's ability to pay before ordering incarceration for failure to pay.

requirement exists with respect to general fines. … 42 Pa.C.S.[ ] § 9726(c). This section does not, however, apply to the mandatory fine provisions applicable in this case.

PCRA Court Opinion, 3/10/2017, at 12.

A sentencing court may impose a fine as an additional sanction in certain circumstances. 42 Pa.C.S. § 9721(a); 42 Pa.C.S. § 9726(b). A sentencing court "shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S. § 9726(c). This Court has held that

a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories. First, a defendant may claim that there was no record of the defendant's ability to pay before the sentencing court. In the alternative, a defendant may claim that the sentencing court did not consider evidence of record. Finally, a defendant may claim that the sentencing court failed to permit the defendant to supplement the record.

After reviewing these categories, we conclude that only the first type of claim qualifies as non-waivable.... Section 9726(c) requires that it be "of record" that the defendant can pay the fine. Therefore, an argument that there was no evidence of the defendant's ability to pay constitutes a claim that the fine was imposed in direct contravention of a statute. Furthermore, a complete lack of evidence in the record would be apparent from the face of the record and would not require the application of reasoning or discretion on the part of the appellate court. Accordingly, we conclude [ ] that a claim raising the complete absence of evidence of the defendant's ability to pay is not subject to waiver for a failure to preserve the issue in the first instance.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1273–74 (Pa. Super. 2013) (*en banc*). However, a pre-sentence hearing on the ability to pay is not required prior to the imposition of mandatory fines. *Commonwealth v. Gipple*, 613 A.2d 600, 601 n. 1 (Pa. Super. 1992).

After review of the plea/sentencing transcript we agree with Appellant that no inquiry was made, and no record existed, as to Appellant's ability to pay the agreed-upon fines at the time of his sentencing hearing. As such, Appellant's claim falls under the first type set forth in *Boyd*, and his claim challenges the legality of his sentence.

At Case No. 1496, Appellant was ordered to pay a fine of $1,500 for a violation of 75 Pa.C.S. § 3802(d)(1)(ii). The Motor Vehicle Code provides that a defendant convicted under this subsection for a second offense shall "pay a fine of not less than $1[,]500…." 75 Pa.C.S. § 3804(c)(2)(ii). Appellant was ordered to pay the mandatory minimum fine, and thus Appellant was not entitled to a pre-sentence hearing on his ability to pay this fine.

Appellant was also ordered at this information to pay a fine of $1,000 for a violation of 75 Pa.C.S. § 1543(b)(1). A defendant convicted under this subsection "shall be sentenced to pay a fine of $500…." 75 Pa.C.S. § 1543(b)(1). As noted above, a pre-sentence hearing on the ability to pay is not required for mandatory fines. However, the sentencing court improperly imposed the mandatory fine applicable to a violation of 75 Pa.C.S.

§ 1543(b)(1.1)(i), not 75 Pa.C.S. § 1543(b)(1), the subsection under which Appellant actually was convicted.[3] Thus, because the fine imposed exceeded the statutorily mandated fine, and was imposed without a hearing on Appellant's ability to pay, that portion of the sentence is illegal.

At Case No. 2530, Appellant was ordered to pay a fine of $100 for a violation of 35 P.S. § 780-113(a)(16). A defendant "shall, on conviction thereof, be sentenced to imprisonment not exceeding one year **or** to pay a fine not exceeding five thousand dollars ($5,000), **or** both." 35 P.S. § 780-113(b) (emphasis added). The imposition of a fine for possession of a controlled substance is discretionary, and Appellant was entitled to a pre-sentence hearing on his ability to pay. *See Commonwealth v. Thomas*, 879 A.2d 246, 264 (Pa. Super. 2005) (vacating sentence where trial court did not make specific findings on defendant's ability to pay the fine imposed).

At Case No. 1443, Appellant was ordered to pay a fine of $100 for a violation of 35 P.S. § 780-113(a)(30). A defendant "shall be sentenced to imprisonment not exceeding fifteen years, **or** to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), **or** both **or** such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity." 35 P.S. § 780-113(f) (emphasis added). Again, the

---

[3] 75 Pa.C.S. § 1543(b)(1.1.)(i) provides that a defendant "shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

imposition of this fine was discretionary, and thus Appellant was entitled to a pre-sentence hearing on his ability to pay. *Thomas*, 879 A.2d at 264.

With respect to his second issue, Appellant contends that trial counsel was ineffective for failing to object to, or take reasonable steps to correct, Appellant's illegal sentence of fines. Counsel was ineffective for failing to raise this claim, however, because we have granted relief as to the illegal portions of Appellant's sentences regarding fines, this claim is moot. The only remaining fine (count one of Case No. 1496) was a mandatory fine, and thus, as detailed hereinabove, no pre-sentence hearing was required. Accordingly, we find that counsel was not ineffective for failing to raise that meritless claim. *See Commonwealth v. Tilley*, 80 A.2d 649 (Pa. 2001) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

In light of the foregoing, we reverse the order of the PCRA court in part, vacate the fines imposed at Case No. 2530 and Case No. 1443, and remand for resentencing in accordance with 42 Pa.C.S. § 9726. We vacate Appellant's fine at count four of Case No. 1496 and remand for resentencing consistent with 75 Pa.C.S. § 1543(b)(1). We affirm the PCRA order in all other respects.[4]

Order denying PCRA relief reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[4] If the Commonwealth believes that it is no longer receiving the benefit of the bargain it agreed to with Appellant, it may ask the PCRA court to vacate the convictions prior to resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017